IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MEDIX STAFFING SOLUTIONS, INC.,** an Illinois corporation, Plaintiff, vs. **NOVO HEALTH, LLC,** a Wisconsin limited liability company, and **NOVO HEALTH TECHNOLOGY GROUP, LLC,** a Wisconsin limited liability company, and **NOVO CONSERVATIVE CARE, LLC,** a Wisconsin limited liability company**,** and **NOVO DIRECT CONTRACTING, LLC,** a Wisconsin limited liability company, and **NOVO, LLC,** a Wisconsin limited liability company, and **INNOVATION ALLIANCE, LLC,** a Wisconsin limited liability company, and **CURT KUBIAK**, an individual, Defendants. | Civil Action No. 22-cv-225 Hon. Sharon Johnson Coleman |

**PLAINTIFF'S MOTION FOR ENTRY
OF JUDGMENT BY STIPULATION AND DEFAULT AGAINST DEFENDANTS 2-6**

Plaintiff Medix Staffing Solutions, Inc. respectfully submits this Motion for Entry of Judgment by Stipulation and Default against Defendants 2-6: (2) Novo Health Technology Group, LLC, (3) Novo Conservative Care, LLC, (4) Novo Direct Contracting, LLC, (5) Novo, LLC, and (6) Innovation Alliance, LLC.

**INTRODUCTION**

This case involves a $1,583,276.00 unpaid bill for which Plaintiff has brought suit against seven Defendants: (1) Novo Health, LLC, (2) Novo Health Technology Group, LLC, (3) Novo

Conservative Care, LLC, (4) Novo Direct Contracting, LLC, (5) Novo, LLC, (6) Innovation Alliance, LLC, and (7) Kurt Kubiak. In this Motion, Plaintiff seeks entry of judgment by stipulation and default against Defendants 2-6: (2) Novo Health Technology Group, LLC, (3) Novo Conservative Care, LLC, (4) Novo Direct Contracting, LLC, (5) Novo, LLC, and (6) Innovation Alliance, LLC.

## ARGUMENT

**I. After the Court Granted Summary Judgment Against Defendant 1, Novo Health, LLC, Defendants 3-6 Stipulated to Entry of Judgment.**

On February 13, 2024, the Court granted Plaintiff's Motion for Summary Judgment against Defendant 1, Novo Health, LLC, on Count I for breach of contract. See ECF No. 59 at 15 ("For these reasons, the Court (1) grants Medix's motion for summary judgment on Count I [] as to Novo Health..."). Subsequently, on November 15, 2024, the parties stipulated to the entry of judgment against Defendants 3-6: Novo Conservative Care, LLC, Novo Direct Contracting, LLC, Novo, LLC, and Innovation Alliance, LLC. See ECF No. 77 at 3 ("Defendants Novo Health Technology Group, LLC, Novo Conservative Care, LLC, Novo Direct Contracting, LLC, Novo, LLC, Innovation Alliance, LLC hereby agree to entry of judgment against them in the same manner as the entry of summary judgment against Defendant Novo Health, LLC"). Because Defendants 3-6 stipulated to the entry of judgment, the Court should enter judgment against Novo Conservative Care, LLC, Novo Direct Contracting, LLC, Novo, LLC, and Innovation Alliance, LLC.

**II. Judgment Should Be Entered by Default Against Defendant 2, Novo Health Technology Group, LLC, Because the Entity Is Not Represented by Counsel.**

A limited liability company, like a corporation, "cannot litigate pro se or be represented in the litigation by a nonlawyer." *1756 W. Lake St. LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015). A corporation or LLC's failure to obtain counsel "may result in appropriate

2

measures, including the entry of a default and a default judgment against the corporation or LLC." *Fifth Third Bank, N.A. v. Green*, 2024 WL 110386, *3 (N.D. Ind. Jan 10, 2024) (citing *Operating Engineers Loc. 139 Health Benefit Fund v. Rawson Plumbing, Inc.*, 130 F. Supp. 2d 1022, 1024 (E.D. Wis. 2001)). Default and default judgment may be entered against a corporate entity for continued noncompliance with a court's order to appear by counsel. *Operating Engineers*, 130 F. Supp at 2024 (citing *United States v. High Country Broadcasting Co.,* 3 F.3d 1244, 1245 (9th Cir. 1993); *Securities & Exch. Comm'n v. Research Automation Corp.,* 521 F.2d 585, 590 (2d Cir. 1975)).

On November 12, 2024, Defendants' counsel stated on the record that his firm "no longer represents" Defendant 2, Novo Health Technology Group, LLC. See ECF No. 76. On December 9, 2024, counsel reiterated that his firm does not represent Defendant 2 and, on the same day, filed a Notice of Withdrawal as counsel for Defendant 2. See ECF Nos. 80, 81. On December 9, 2024, the Court directed Plaintiff to file a motion for default judgment against Defendant 2, citing the entity's lack of representation. See ECF No. 80 at 1 ("Plaintiff is to file a motion for default judgment against Novo Health Technology Group, LLC as the entity is no longer represented by counsel."). Pursuant to the Court's directive and because Defendant 2 remains unrepresented, Plaintiff seeks default judgment against Novo Health Technology Group, LLC.

## CONCLUSION

Because Defendants 3-6 stipulated to entry of judgment, and Defendant 2 is an unrepresented corporate entity, the Court should enter judgment against Defendants 2-6.

                                Respectfully submitted,

                                CHASE LAW & ASSOCIATES, P.A.

By:   */s/ Kenneth E. Chase*
        Kenneth E. Chase
        Chase Law & Associates, P.A.
        951 Yamato Road, Suite 280
        Boca Raton, FL 33431
        Tel: (305) 402-9800
        Fax: (305) 402-2725
        Email: kchase@chaselaw.com

*Attorneys for Plaintiff*
*Medix Staffing Solutions, Inc.*

## CERTIFICATE OF SERVICE

I, Kenneth E. Chase, hereby certify that I served the foregoing via CM/ECF, which serves notice to all counsel of record, on December 11, 2024.

By:   */s/ Kenneth E. Chase*
       Kenneth E. Chase