IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MEDIX STAFFING SOLUTIONS, INC.,** an Illinois corporation, Plaintiff, vs. **NOVO HEALTH, LLC,** a Wisconsin limited liability company, and **NOVO HEALTH TECHNOLOGY GROUP, LLC,** a Wisconsin limited liability company, and **NOVO CONSERVATIVE CARE, LLC,** a Wisconsin limited liability company, and **NOVO DIRECT CONTRACTING, LLC,** a Wisconsin limited liability company, and **NOVO, LLC,** a Wisconsin limited liability company, and **INNOVATION ALLIANCE, LLC,** a Wisconsin limited liability company, and **CURT KUBIAK**, an individual, Defendants. | Civil Action No. 22-cv-225<br><br>Hon. Sharon Johnson Coleman |

**PLAINTIFF'S MOTION FOR ENTRY
OF FINAL JUDGMENT AGAINST CORPORATE DEFENDANTS**

Plaintiff Medix Staffing Solutions, Inc. respectfully submits this Motion for Entry of Final Judgment against the six corporate Defendants: (1) Novo Health, LLC, (2) Novo Health Technology Group, LLC, (3) Novo Conservative Care, LLC, (4) Novo Direct Contracting, LLC, (5) Novo, LLC, and (6) Innovation Alliance, LLC (the "Corporate Defendants").

**BACKGROUND**

Plaintiff moves for entry of Final Judgment against the six Corporate Defendants, who have been found liable to Plaintiff under the parties' agreement through the Court's rulings on

summary judgment, pursuant to a stipulation, and by default judgment. On May 11, 2020, Plaintiff and Corporate Defendants entered into a written Epic Project Services Agreement and an Addendum to the Service Agreement (together, the "Agreement"), under which Plaintiff agreed to provide staffing services to the Corporate Defendants. Ellefson Decl., ¶ 5; ECF No. 31, ¶ 45. Plaintiff fully performed its obligations under the Agreement, but Corporate Defendants breached the Agreement by failing to pay for services rendered, leaving a principal balance of $1,583,276. Ellefson Decl., ¶¶ 6-7; ECF No. 31, ¶ 99.

Plaintiff filed the Complaint on January 13, 2022 (ECF No. 1) and the Second Amended Complaint ("SAC") on February 7, 2023 (ECF No. 31), seeking to recover the principal balance owed by Corporate Defendants along with contractually agreed late fees. Ellefson Decl., ¶ 10; ECF No. 31, ¶ 64. On February 13, 2024, the Court granted Plaintiff's motion for summary judgment against Defendant Novo Health, LLC on Count I (breach of contract). ECF No. 59. On December 13, 2024, the Court granted Plaintiff's motion for entry of judgment against Defendants Novo Conservative Care, LLC, Novo Direct Contracting, LLC, Novo, LLC, and Innovation Alliance, LLC by stipulation in the same manner as the summary judgment entered against Novo Health, LLC. ECF No. 88. The Court also entered a default against Defendant Novo Health Technology Group, LLC due to its failure to retain counsel. *Id*. On December 16, 2024, the parties filed a stipulation of dismissal pertaining to Defendant Curt Kubiak, leaving the Corporate Defendants, against whom liability has already been found, as the only remaining Defendants in the case. ECF No. 91. As of December 16, 2024, the total amount owed by Corporate Defendants is $2,554,691, which includes the principal balance of $1,583,276 and late fees of $966,118. Ellefson Decl., ¶¶ 14-16, 18.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 58(a), every judgment must be set out in a separate document. *Richmond v. Chater*, 94 F. 3d 263, 26 (7th Cir. 1996) ("The rule's reference to 'judgment' is to final judgments, and the term 'Rule 58 judgment' is shorthand for a judgment that is final and that is set forth on a document separate from the court's opinion.")

**ARGUMENT**

**I.  The Court Should Enter Final Judgment Against the Corporate Defendants.**

Final judgment should be entered because the Court has already determined the liability of the Corporate Defendants through summary judgment, stipulated judgment, and default judgment, leaving no further issues to be adjudicated. Because Federal Rule of Civil Procedure 58(a) provides that every judgment be set out in a separate document, entry of final judgment against the Corporate Defendants is the necessary procedural step to conclude the case and enforce the remedies awarded to Plaintiff.

**A.  Liability Has Already Been Determined Against the Corporate Defendants.**

The Court has conclusively resolved the issue of liability in Plaintiff's favor. On February 13, 2024, the Court granted Plaintiff's motion for summary judgment against Defendant Novo Health, LLC on Count I for breach of contract. ECF No. 59. On December 13, 2024, the Court entered judgment against Defendants Novo Conservative Care, LLC, Novo Direct Contracting, LLC, Novo, LLC, and Innovation Alliance, LLC by stipulation, affirming liability against those entities consistent with the Court's summary judgment order relative to Novo Health, LLC. ECF No. 88. On December 13, 2024, the Court also entered judgment against Defendant Novo Health Technology Group, LLC by default after its failure to retain counsel. *Id*.

3

### B. Plaintiff Is Entitled to Final Judgment for the Total Amount Owed.

The Corporate Defendants collectively failed to fulfill their payment obligations under the Agreement, leaving a principal balance of $1,583,276 and contract-based late fees of $966,118. Ellefson Decl., ¶¶ 6-7, 14-16, 18. This Court's prior rulings and the record evidence fully support the entry of final judgment. Under the Agreement, Plaintiff is entitled to recover the unpaid principal balance as well as contractually agreed-upon late fees. As of December 16, 2024, the total amount owed by the Corporate Defendants is $2,554,691, comprised of a principal balance of $1,583,276 and late fees of $966,118. Plaintiff's damages are established by the record, including the Declaration of Plaintiff's controller, and the Court's prior rulings.

## II. Entry of Final Judgment Complies with Federal Rule of Civil Procedure 58(a).

The proposed final judgment satisfies Rule 58(a) because it contains a clear and definitive resolution of all claims against the Corporate Defendants, who are the only remaining Defendants in the case. The Court has already adjudicated liability, Plaintiff's damages are undisputed, and entry of final judgment will conclude this matter in accordance with Rule 58(a).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motion for Entry of Final Judgment against the six Corporate Defendants in the total amount of $2,554,691, comprised of the principal balance and contractually agreed-upon late fees.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: */s/ Kenneth E. Chase*
Kenneth E. Chase
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Tel: (305) 402-9800
Fax: (305) 402-2725
Email: kchase@chaselaw.com

*Attorneys for Plaintiff*
*Medix Staffing Solutions, Inc.*

## CERTIFICATE OF SERVICE

I, Kenneth E. Chase, hereby certify that I served the foregoing via CM/ECF, which serves notice to all counsel of record, on December 16, 2024.

By: */s/ Kenneth E. Chase*
Kenneth E. Chase